IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## CHARLES MONTAGUE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Washington County**
**No. 21843, Lynn W. Brown, Trial Judge**

**No. E2000-00083-CCA-R3-PC - Decided July 11, 2000**

Charles Montague appeals the Washington County Criminal Court's summary dismissal of his *pro se* post-conviction petition challenging his conviction for first degree murder. The appellant's original and supplemental petitions with attached affidavit present a myriad of claims within the trial process. The post-conviction court dismissed all claims without a hearing, finding the original and supplemental petitions were not properly verified and that the petitions failed to assert a sufficient factual basis for relief. After review of the petition, we affirm the post-conviction court's dismissal of certain claims and vacate its dismissal as to others. The case is remanded to the post-conviction court for further review of the surviving claims.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Criminal Court affirmed in part; reversed and remanded in part.**

HAYES, J. delivered the opinion of the court, in which WITT, and OGLE, JJ., joined.

Charles Montague, Mountain City, Tennessee, *Pro Se*

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Patricia C. Kussmann, Assistant Attorney General, Joe C. Crumley, Jr., District Attorney General, and Steve R. Finney, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellant, Charles Montague, appeals, *pro se*, the Washington County Criminal Court's summary dismissal of his petition for post-conviction relief from his 1993 conviction for first degree murder. At issue in this appeal is whether the post-conviction court properly dismissed the petition without an evidentiary hearing on the grounds that both the original petition and the supplemental

petition failed to comply with the provisions of Tenn. Code Ann. § 40-30-201 *et seq.* (1995 Supp.).[1]

After consideration of the *pro se* petition for post-conviction relief, we affirm, in part, the post-conviction court's summary dismissal of certain post-conviction claims but reverse the court's dismissal of other claims for which an evidentiary hearing is required. Accordingly, this case is remanded for an evidentiary hearing on those claims identified as colorable as set forth in this opinion.

## Procedural History

In January 1993, the appellant was convicted by a Washington County jury for the first degree murder of Donnie McMillian. The trial court imposed a sentence of life imprisonment. This court affirmed the conviction and sentence on direct appeal. See State v. Charles Montague, No. 03C01-9306-CR-00192 (Tenn. Crim. App. at Knoxville, Nov. 21, 1994), perm. to appeal denied, (Tenn. Apr. 10, 1995). The appellant is presently incarcerated at Northeast Correctional Facility.

The appellant filed a seventy-two page *pro se* petition for post-conviction relief (including attachments) in the Washington County Criminal Court on July 17, 1995. The petition alleged, *inter alia*,

---

[1] The appellant's *pro se* brief raises a multitude of issues, including, *inter alia*:
(1) The District Attorney failed to file transcripts, records, etc. in the post-conviction record;
(2) The appellant is entitled to an evidentiary hearing on the issue of ineffective assistance of counsel;
(3) The trial court erred in denying the appellant's motion for change of venue;
(4) The instruction for first degree murder was unconstitutionally vague and deficient;
(5) The reasonable doubt instruction was unconstitutionally vague or deficient;
(6) The trial court's failure to order individual voir dire of the venire denied the appellant a fair trial;
(7) The post-conviction court erred in denying post-conviction motions regarding
    (a) motion for complete transcript of jury selection;
    (b) request for discovery;
    (c) Ake request for private investigator;
    (d) motion for court to declare defense counsel's non-responses to interrogatories as being admitted;
    (e) request for clerk to provide appellant certified copies of the record;
    (f) motion for default judgment against the State;
(8) Failure to hold evidentiary hearing (*same argument as in (1) and (2)*);
(9) Failure to rule on post-conviction motions denied appellant due process; and
(10) Prosecutorial misconduct during trial.

As the dispositive issue in the case *sub judice* remains the propriety of the post-conviction court's summary dismissal of the petition without an evidentiary hearing, we need not address extraneous issues raised by the appellant on appeal.

(1) The trial court improperly denied Motion for Change of Venue;

(2) Ineffective assistance of counsel;

(3) The prosecution presented false testimony and evidence;

(4) Improper chain of custody as to fingerprint evidence;

(5) The prosecution failed to lay a proper foundation preceding admission of latent prints evidence;

(6) Brady violation;

(7) The first degree murder pattern jury instruction is unconstitutional;

(8) The trial court improperly instructed jury as to reasonable doubt;

(9) The prosecution coerced witnesses to testify;

(10) Visible security measures at trial prejudiced jury; and

(11) The trial court failed to require individual voir dire.

The appellant requested that counsel be appointed for the post-conviction proceedings. Counsel was appointed to represent the appellant and, on December 1, 1995, submitted an amended petition. However, the attorney-relationship became severely strained and counsel was permitted to withdraw, on July 31, 1996.

Substituted counsel was then appointed by the post-conviction court. Substituted counsel likewise submitted an amended petition.[2] The appellant, apparently still unsatisfied with his appointed counsel, requested that he be permitted to proceed *pro se*. After advising the appellant of the perils of self-representation, the post-conviction court granted the appellant's request. A written waiver of post-conviction counsel was filed by the appellant on March 4, 1998. The appellant also withdrew the amended petitions filed by counsel and elected to proceed on his original *pro se* petition with amendments.

On June 15, 1998, the appellant filed a supplemental post-conviction petition. The supplemental petition alleged, as additional grounds:

1. The indictment failed to state the proximate cause of death nor the actions of the appellant which bring him within the statute and counsel should have challenged the same on this basis;

2. "Negroes in Washington County, Tn, are being systematically excluded from serving on Grand and Petit Juries." Specifically, he alleges that "The judge appoints three jury commissioners who are 'Ku-Klux-Klan' members, the jury commissioners make up a jury list of all white persons except a token black woman. She can only

---

[2]This amended petition, filed on January 10, 1997, presented three claims (1) ineffective assistance of counsel; (2) unconstitutional systematic jury exclusion; and (3) prosecutorial misconduct. A second amended petition was filed on February 25, 1998, in order to clarify the claims raised in the amended petition.

serve on the Grand Jury or the petit jury." Accordingly, he argues that Tenn. Code Ann. § 22-2-201 *et seq.* are unconstitutional in that these provisions provide for systematic exclusion of African-Americans.

Attached to the supplemental petition was an accompanying affidavit, alleging fifteen specific claims of ineffective assistance of counsel.

The State filed an Answer and Motion to Dismiss the Amended Petition contending that the appellant's petition fails to satisfy the procedural requirements of Tenn. Code Ann. § 40-30-204(d). On November 25, 1998, the post-conviction court entered an order granting the appellant "a reasonable amount of time [thirty days] to supplement his petition and amended petition to contain this language as required by Tenn. Code Ann. § 40-30-204(d)." The order further advised that failure to comply would result in the dismissal of the petition.

On January 15, 1999, the State again filed a motion to dismiss the appellant's petition and supplemental petition for failure to comply with the court's November 25th order requiring compliance with Tenn. Code Ann. § 40-30-204(d). Specifically, the State argued that the appellant's "Oath and Affirmation" filed on December 21, 1998, failed to satisfy Tenn. Code Ann. § 40-30-204(d), as it states, "that I raised all constitutional claims known to me, *at this time*." The State maintained that the language "*at this time*" is inconclusive. The State's motion to dismiss was denied on April 28, 1999. Specifically, the court found that the appellant's "Oath or Affirmation" filed on December 21, 1998, fulfills the requirements of Tenn. Code Ann. § 40-30-204(d).[3] The trial court granted the appellant until June 1, 1999, to file any additional motions or documents.

Notwithstanding appellant's displeasure with prior appointed counsel, on January 11, 1999, the appellant filed a request for appointment of counsel. The post-conviction court denied the appellant's motion for appointment of counsel on February 9, 1999, finding that "this case has been languishing" since July 17, 1995, when the first *pro se* petition was filed.

On August 10, 1999, the post-conviction court entered an order dismissing the appellant's petition for post-conviction relief. In summary, the court made the following findings of fact and conclusions of law:

> . . .
> Attached to the original petition is a sworn statement by Mr. Montague that his trial court did not inform him of his constitutional rights regarding the . . . issues raised in the petition, so that those issues were not raised at trial and on direct appeal. Therefore, the court is of the opinion that the petitioner has satisfactorily explained why the issues were not previously raised . . . .

---

[3]The "Oath or Affirmation" filed by the appellant, on December 21, 1998, in response to the post-conviction court's November 1998 order is not contained in the record before this court.

However, the petitioner has not complied with the requirement that the petition be verified. Page 39 of the petition headed "Sworn Statement," recites: "First being duly sworn, I Charles Montague, do hereby certify that I drafted this Post-Conviction Petition, and that I have knowledge and understanding of the allegations contained therein." What this statement fails to do is state under oath that the matters contained in the petition are the truth. "Verify" means to confirm or substantiate by oath. [citation omitted]. Having knowledge of the contents is not sufficient. Such would allow for frivolous, false or even perjured contents of a post-conviction petition. The petitioner's failure to verify his petition or any facts contained in the petition leaves this court with nothing to consider indicating that the petitioner is entitled to relief. The court concludes that the original petition should be dismissed. Tenn. Code Ann. § 40-30-209.

Even if the petition had been verified, it is fatally devoid of facts.
. . .

On June 15, 1998, the petitioner filed a *pro se* motion to allow supplemental pleadings and "Supplemental Post-Conviction Petition." This supplemental petition is not verified. Accordingly the court concludes that it should be dismissed.
. . .
The supplemental petition contains many more assertions, but no additional statements of fact. The court concludes that even if the supplemental petition had been verified, it contains no factual basis for the court to grant post-conviction relief.

With the supplemental petition on June 15, 1998, Mr. Montague filed an affidavit, affirming under penalty of perjury before a notary public that the contents are true. This affidavit, unlike the petitions, is properly verified. Post-conviction relief shall be granted when the conviction is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States. Tenn. Code Ann. § 40-30-303. The numbered paragraphs of this affidavit are considered in order as they relate to the petition and supplemental petition:

1. Mr. Montague states that he has knowledge and understanding of the allegations in the petitions. The court finds that this does not serve to cure his failure to verify either the petition or supplemental petition. It does not state any facts.

2. Trial counsel did not inform Mr. Montague that he could challenge the sufficiency of the indictment. The petitioner does not state how the indictment was insufficient, so this does not state grounds for post-conviction relief.

3. "That my trial counsel did not inform me that I could challenge the individual grand jurors for reason of want of qualification [sic] to sit as such jurors or that failure of me to do such would later preclude me from later raising this issue." The court finds that this statement prevents the waiver of the issue as contained in paragraph 4.

4. That trial counsel did not investigate the fact that Negroes are being systematically excluded from serving as gand jurors and petit jurors and grand jury foreman. The court finds that this paragraph of the affidavit assumes the systematic exclusion of black people from the jury venire. It does not state facts upon which the court could find systematic exclusion. This bare allegation, not supported by facts, is not sufficient to show that the petitioner is entitled to relief.

5. Trial counsel did not inform the petitioner that he could challenge the selection of jury commissioners . . . . The court finds that this fact does not abridge any constitutional right. . . .

6. Trial counsel did not inform Mr. Montague that he could move to suppress fingerprints. No facts are stated which would result in suppression of any fingerprint evidence. The court finds no abridgement of any constitutional right.

7. Trial counsel did not inform Mr. Montague that he could renew the motion for change of venue. This is not grounds for relief, and no prejudice is shown.

8. Trial counsel did not inform the petitioner that the jury could be polled. The court finds that this states no constitutional deprivation.

9. Trial counsel did not inform Mr. Montague that he could object to the testimony of the pathologist. Likewise, no constitutional error is stated and no prejudice shown.

10. That Mr. Montague informed his trial counsel before trial that . . . "Rusty Buck . . . could verify that I lost my wallet at Kiwanis Park. . . ." The petitioner apparently alleges that his counsel failed to properly investigate and find this witness. . . . Nothing in the affidavit indicates where Rusty Buck lived, how he could be found, or indeed if he has ever been found. The court finds that the facts alleged do not constitute ineffective assistance of counsel.

11. Trial counsel failed to inform Mr. Montague that he could object to introduction of Exhibit 14. Mr. Montague does not identify the exhibit or state facts sufficient for the court to determine if a chain of custody was necessary. The court finds no grounds for relief.

12. Petitioner states the same facts regarding Exhibit 7. The court's finding is the same.

13. Trial counsel did not inform Mr. Montague that he could object to the jury instruction. The court finds that the statement that the "jury instructions were constitutionally vague and deficient," is a bare allegation. This paragraph does not state facts upon which relief can be granted.

14. The court finds that this duplicates paragraph 13.

15. Trial counsel did not inform Mr. Montague that he could object to visible extra security in the courtroom. The court finds that this is not grounds for relief.

16. Trial counsel did not inform the petitioner that he could object to questioning of a prospective juror in the presence of other jurors. The court finds that this fact does not constitute grounds for relief.

In fairness to the petition, the court has also considered whether all of the facts stated in the affidavit when taken together could constitute grounds for ineffective assistance of counsel. The court finds that the facts do not state any ineffective assistance in the slightest degree and do not state any prejudice to the petitioner.

The court on these findings concludes that the petitioner . . . is entitled to no relief.

...

## Analysis

The 1995 Post-Conviction Procedure Act governs all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201. The appellant's original petition for post-conviction relief was filed on July 17, 1995. Thus, the 1995 Act is applicable in the case *sub judice*. In regard to the 1995 Act, of particular relevance to the present case is the specific procedure to be followed in presenting a petition to the court.

One such procedural requirement is that the petition be properly verified. Tenn. Code Ann. § 40-30-204(d) provides, "The petition and any amended petition shall be verified under oath." The post-conviction court found that the appellant had failed to properly "verify" his petition and supplemental petition pursuant to Tenn. Code Ann. § 40-30-204(d). The appellant was given the opportunity to verify the petition and the supplemental petition. The trial court's order of April 28, 1999, finds that the appellant's "Oath and Affirmation" filed December 21, 1998, satisfied the verification requirement.[4] Accordingly, the evidence preponderates against the post-conviction court's finding that the petition and supplemental petition were not properly verified. Thus, dismissal on this basis was error.

Proper verification is not the only procedural requirement identified in the new Act. The 1995 Act requires that the grounds for relief be specified and that a petitioner set out the facts to establish a "colorable claim."[5] See Tenn. Sup. Ct. R. 28, § 6(B)(3). Specifically,

> the petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding. The petition and any amended petition shall be verified under oath. Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it.

Tenn. Code Ann. § 40-30-204(e).[6]

---

[4]Again, we note that the December 21, 1998, "Oath and Affirmation," is not included in the record. Notwithstanding, both the post-conviction court and the State acknowledge the filing of this document.

[5]"A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H).

[6]The petition shall contain:
. . .
(3) each and every error that petitioner asserts as a ground for relief, including a description of how petitioner was prejudiced by the error(s);
(4) specific facts supporting each claim for relief asserted by petitioner;

The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

Tenn. Code Ann. § 40-30-206(d). The

f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed *pro se*, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-206(d).[7] See also Tenn. Sup. Ct. R. § 28, 6(B)(4). Thus, when a trial court determines that the petition has not presented a colorable claim, the court shall summarily dismiss the petition. Tenn. Code Ann. § 40-30-206(d); Tenn. Sup. Ct. R. 28, § 6(B)(4)(a).

Before undertaking review of the petition for conformity with the procedural requirements of the Act, we acknowledge that, in the present case, the post-conviction court appointed counsel on two occasions. Each attorney filed an amended petition. The appellant, unsatisfied with counsel, elected to proceed *pro se* and was permitted to file a supplemental petition and an affidavit. The post-conviction court granted the appellant sufficient time to modify his petition to comply with the requirements of the Act. In any event, the appellant had over three years in which to finalize his petition for post-conviction relief. In this regard, we conclude that further appointment of counsel pursuant to Tenn. Code Ann. § 40-30-206(d) is not required to guarantee compliance with the Act.

At this stage in the proceeding, our review is limited to the evaluation of the appellant's claims under Tenn. Code Ann. § 40-30-206(f).[8] In this regard, we conclude after review that the

_____

(5) specific facts explaining why each claim for relief was not previously presented in any earlier proceeding. . .

Tenn. Sup. Ct. R. 28, § 5(E).

[7]A petition may be dismissed without a hearing if it:
. . .
(3) does not contain specific factual allegations;
(4) does not state the reasons that the claim is not barred by the statute of limitations, waived, or previously determined; or
(5) does not entitle petitioner to relief even if taken as true.

Tenn. Sup. Ct. R. 28, § 5(F).

[8]Indeed, at this preliminary stage, it is the function of the court only to determine whether a colorable claim was stated, rather than to examine and adjudicate the factual merits of the

petition presents several colorable claims and as such summary dismissal of the petition was error. In order to facilitate review of the appellant's post-conviction claims on remand, we proceed to perform the requisite preliminary assessment of the claims presented.

Again, our review is limited to the *pro se* petition filed July 15, 1995; and the supplemental *pro se* petition and attached affidavit filed June 15, 1998. The claims raised by the appellant may be categorized as follows:

    I. Alleged prejudice resulting from errors committed by the Trial Court
    II. Alleged prejudice resulting from the Ineffective Assistance of Counsel
    III. Alleged prejudice resulting from Prosecutorial Misconduct

Within each category are a multitude of individual claims. We, in turn, proceed to evaluate each individual claim under it's respective category.

**I.** *Alleged Prejudice Resulting from Trial Court Errors*

A.    **Post-Conviction Claim:** The trial court erred by denying the appellant's motion for change of venue.
    **This court concludes:** Claim dismissed for failure to state a factual basis for grounds alleged, Tenn. Code Ann. § 40-30-206(d); in addition to waiver for failure to present for determination on direct appeal. Tenn. Code Ann. § 40-30-206(f) & (g).

B.    **Post-Conviction Claim:** Trial court admitted fingerprint evidence although State failed to establish "chain of custody" by failing to call Lisa Coppoch to the stand.
    **This court concludes:** Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief, Tenn. Code Ann. § 40-30-206(f), in addition to waiver for failure to present for determination on direct appeal. Tenn. Code Ann. § 40-30-206(f) & (g).

C.    **Post-Conviction Claim:** Trial court's recitation of pattern jury instruction for first degree murder is unconstitutionally vague and deficient.
    **This court concludes:** Claim waived for failure to present for determination on direct appeal. Tenn. Code Ann. § 40-30-206(f) & (g).

D.    **Post-Conviction Claim:** Trial court's recitation of pattern jury reasonable doubt instruction is unconstitutionally vague and deficient.
    **This court concludes:** Claim waived for failure to present for determination on direct appeal. Tenn. Code Ann. § 40-30-206(f) & (g).

E.    **Post-Conviction Claim:** Visible extra security measures in courtroom, *i.e.*, deputies carrying a weapon in each hand and ten police officers present, prejudiced jurors.

---

allegations. <u>See</u> <u>Loring C. Warner v. State</u>, No. 03C01-9610-CR-00407 (Tenn. Crim. App. at Knoxville, Jan. 23, 1998) (citing Tenn. Code Ann. § 40-30-206(f); Tenn. Sup. Ct. R. 28, §6(B)(2)).

**This court concludes:**  Claim waived for failure to present for determination on direct appeal.  Tenn. Code Ann. § 40-30-206(f) & (g).

F.     **Post-Conviction Claim:**  Trial court erred by failing to require individualized voir dire of prospective jurors.
    **This court concludes:**  Claim waived for failure to present for determination on direct appeal.  Tenn. Code Ann. § 40-30-206(f) & (g).

G.     **Post-Conviction Claim:**  Admission of testimony of Jerry Jackson in violation of the T.R.E. 402, 403, and 602.
    **This court concludes:**  Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief,  Tenn. Code Ann. § 40-30-206(f), in addition to waiver for failure to present for determination on direct appeal.  Tenn. Code Ann. § 40-30-206(f) & (g).

H.     **Post-Conviction Claim:**  Combination testimony of Vince Kyle, Angelio Dalpiaz and the pathologist is prejudicial to the appellant.
    **This court concludes:**  Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief,  Tenn. Code Ann. § 40-30-206(f), in addition to waiver for failure to present for determination on direct appeal.  Tenn. Code Ann. § 40-30-206(f) & (g).

I.     **Post-Conviction Claim:**  Systematic exclusion of African-American jurors based on fact that appellant has had three jury trials in Washington County and "none of the jury pools had a single black in them" and "judge appoints . . . jury commissioners who are Ku-Klux-Klan members . .[who] make up a jury list of all white persons except a token black woman."  Appellant also claims that Tenn. Code Ann. § 22-2-201 *et seq*. is unconstitutional.
    **This court concludes:**   Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief,  Tenn. Code Ann. § 40-30-206(f), in addition to waiver for failure to present for determination on direct appeal.  Tenn. Code Ann. § 40-30-206(f) & (g).

II. *Alleged Ineffective Assistance of Counsel*

A.     **Post-Conviction Claim:**  Failure to challenge the indictment on ground that indictment failed to state proximate cause of death and failure to allege actions of appellant "which bring him within the statute."
    **This court concludes:**  Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief.  Tenn. Code Ann. § 40-30-206(f).

B.     **Post-Conviction Claim:**  Failure to investigate and raise systematic exclusion of African Americans on the jury.
    **This court concludes:**  Claim dismissed for failure to state a factual basis for grounds alleged.  Tenn. Code Ann. § 40-30-206(d).

C.     **Post-Conviction Claim:** Failure to request individual voir dire due to extensive pretrial

publicity of case in community.
**This court concludes:** Colorable claim is presented; remanded for evidentiary hearing.

D.    **Post-Conviction Claim:** Failure to file motion to suppress fingerprints.
**This court concludes:** Claim dismissed for failure to state a factual basis for grounds alleged. Tenn. Code Ann. § 40-30-206(d).

E.    **Post-Conviction Claim:** Failure to renew motion for change of venue to include news article regarding case which appeared on morning of appellant's trial.
**This court concludes:** Colorable claim is presented; remanded for evidentiary hearing.

F.    **Post-Conviction Claim:** Failure to have jury polled.
**This court concludes:** Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief. Tenn. Code Ann. § 40-30-206(f).

G.    **Post-Conviction Claim:** Failure to object to testimony of pathologist regarding exact cause of death and manner of infliction of wounds as being outside area of expertise.
**This court concludes:** Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief. Tenn. Code Ann. § 40-30-206(f).

H.    **Post-Conviction Claim:** Failure to investigate and interview witness Rusty Buck to verify that the appellant lost his wallet in Kiwanis Park on the date of the murder.
**This court concludes:** Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief. Tenn. Code Ann. § 40-30-206(f).

I.    **Post-Conviction Claim:** Failure to challenge admission of fingerprint evidence based upon State's failure to establish "chain of custody."
**This court concludes:** Colorable claim is presented; remanded for evidentiary hearing.

J.    **Post-Conviction Claim:** Failure to object to reasonable doubt instruction.
**This court concludes:** Colorable claim is presented; remanded for evidentiary hearing.

K.    **Post-Conviction Claim:** Failure to request individualized voir dire of prospective jurors due to extensive pretrial publicity.
**This court concludes:** Colorable claim is presented; remanded for evidentiary hearing.

L.    **Post-Conviction Claim:** Failure to object to the visible extra security within the courtroom during trial, *i.e.*, armed deputies and presence of ten police officers.
**This court concludes:** Colorable claim is presented; remanded for evidentiary hearing.

### III. *Alleged Prejudice Resulting from Prosecutorial Misconduct*

A.    **Post-Conviction Claim:** Presentation of false evidence, specifically, "blown up fingerprint" is not that of appellant, location of wallet, testimony of Angela Darden regarding appellant's

clothing, testimony of Jerry Jackson regarding appellant's clothing.

**This court concludes:** Claim dismissed for failure to state a factual basis for grounds alleged, Tenn. Code Ann. § 40-30-206(d).

B.    **Post-Conviction Claim:** State failed to establish complete "chain of evidence" regarding Exhibit #14, by failing to show that Angelo Dalpiaz acquired custody of fingerprint evidence from appellant.

**This court concludes:** Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief, Tenn. Code Ann. § 40-30-206(f), in addition to waiver for failure to present for determination on direct appeal. Tenn. Code Ann. § 40-30-206(f) & (g).

C.    **Post-Conviction Claim:** State knowingly concealed from the defense exculpatory evidence, *i.e.*, favorable fingerprint evidence, a Bic lighter, the search warrant of locker #13, and a baseball cap, showing that appellant was not the perpetrator of the murder.

**This court concludes:** Colorable claim is presented; remanded for evidentiary hearing.

D.    **Post-Conviction Claim:** State intimidated and coerced witnesses Angela Darden, Jerry Jackson, Vincent Kyle, Janet Heckler, and Mark Price to testify and "withheld their deals . . . from the defense."

**This court concludes:** Colorable claim is presented; remanded for evidentiary hearing.

E.    **Post-Conviction Claim:** The direct examination of Jerry Jackson by the State prejudiced the appellant.

**This court concludes:** Claim dismissed because facts alleged, even if true, fail to show appellant is entitled to relief, Tenn. Code Ann. § 40-30-206(f), in addition to waiver for failure to present for determination on direct appeal. Tenn. Code Ann. § 40-30-206(f) & (g).

If the "court finds that certain claim(s) are colorable and others are not, the court shall enter an order specifying which claims are dismissed and which claims must be responded to by the state." Tenn. Sup. Ct. R. 28, § 6(B)(5). After our review, we conclude that certain claims are colorable and others are not. Again, the post-conviction court dismissed all post-conviction claims. Thus, in effect, we must sever the unworthy claims from the colorable claims by affirming the dismissal of the claims designated above as "dismissed" and by reversing the dismissal of all other claims. Therefore, upon remand, the post-conviction court shall (1) enter an order dismissing the claims herein designated as dismissed for any reason and (2) enter an appropriate preliminary order directing the State to respond to the allegations in the surviving claims, *i.e.,* II(C), II(E), II(I), II(J), II(K), II(L), III(C) and III(D), and to grant an evidentiary hearing as to the claims denominated as colorable. See Tenn. Code Ann. § 40-30-207; Tenn. Sup. Ct. R. 28, § 6(B)(5), (6).

Accordingly, the judgment of the post-conviction court is reversed as to those specific claims which this court finds as constituting colorable claims. Dismissal of the remaining claims is affirmed. This cause is remanded for further proceedings consistent with this opinion.